UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:21-cv-02179-TWP-MJD |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Plaintiff Patrick S.[1] appeals the Administrative Law Judge's decision denying his application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. Pursuant to 28 U.S.C § 636, the Court referred the matter to the Magistrate Judge (Filing No. 14), who submitted his Report and Recommendation on April 26, 2022, recommending that the decision of the Commissioner be reversed and remanded for further consideration (Filing No. 15). The Commissioner timely filed Objections to the Magistrate Judge's Report and Recommendation (Filing No. 20). For the reasons set forth below, the Court **OVERRULES** the Commissioner's Objections, **ADOPTS** the Report and Recommendation, and **REMANDS** the decision of the Commissioner for further consideration.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinions.

## I.   **BACKGROUND**

The Court declines to provide an extensive elaboration of the procedural and factual background of this matter, as the parties and the Magistrate Judge have sufficiently detailed the background of this matter in the briefs and the Report and Recommendation.  The Court mentions only some of the facts here.

Patrick S. protectively filed his application for DIB and SSI on September 10, 2019, alleging June 30, 2019, as the disability onset date.  In his disability applications, Patrick S. asserted the following impairments: Type 2 diabetes; peripheral neuropathy; depression; anxiety; left knee pain; hypertension; high cholesterol; and anemia (Filing No. 7-5 at 18).

Patrick S.'s applications were denied initially on November 19, 2019, and again on reconsideration on February 25, 2020.  Patrick S. timely requested a hearing on his applications, which was held before Administrative Law Judge Therese Tobin ("ALJ") on December 4, 2020. The ALJ issued her decision on February 1, 2021, denying Patrick S.'s applications, having determined that he was not disabled.  Patrick S. sought review of the ALJ's decision by the Appeals Council.  On June 1, 2021, the Appeals Council denied Patrick S.'s request to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

Patrick S. timely filed his Complaint with the Court on August 4, 2021, seeking judicial review of the Commissioner's decision.  On April 12, 2022, this Court issued an Order referring the matter to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge filed his Report and Recommendation on April 26, 2022, recommending remand of the case for further consideration. Thereafter, on June 1, 2022, the Commissioner filed her Objections to the Report and Recommendation, asserting that the ALJ was not required to obtain additional expert opinions of Patrick S.'s medical records, that the ALJ adequately supported her assessment of Patrick S.'s

2

subjective symptom allegations, and that Patrick S. failed to provide that he required greater limitations than what the ALJ found in her residual functional capacity ("RFC") determination.

## II.   <u>LEGAL STANDARD</u>

When the Court reviews the Commissioner's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate her analysis of the evidence in her decision, and while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176. The Court "must be able to trace the ALJ's path of reasoning" from the evidence to her conclusion. *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. *See* Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions . . . to which timely objections have not been raised by a party." *Sweet v. Colvin*, No. 12-cv-439, 2013 WL 5487358,

at *1 (S.D. Ind. Sept. 30, 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009)).

### III.    DISCUSSION

Patrick S. advanced several arguments in his appeal of the ALJ's decision, all of which revolve around the ALJ's alleged failure to consider certain evidence and her failure to build an "accurate and logical bridge" between evidence and her finding.  The Magistrate Judge concluded that the ALJ's decision was "deficient in many respects," but highlighted two errors as warranting remand.  First, the Magistrate Judge concluded that the ALJ erred in formulating Patrick S.'s RFC without subjecting those records to expert review, and without providing an adequate explanation for the basis of the RFC determination.  Second, the Magistrate Judge found that the ALJ failed to articulate sufficient reasons for discrediting Patrick S.'s subject symptom allegations.

The Commissioner's Objections to the Report and Recommendation assert three arguments: (1) the ALJ was not required *sua sponte* to hire more medical experts to review Patrick S.'s additional evidence before making her RFC determination; (2) the ALJ's subjective symptoms assessment was adequately supported by three reasons; and (3) Patrick S. failed to prove greater limitations than the ALJ found.  The Court will address each issue *de novo* in turn.

### A.    Whether the ALJ Erred by Failing to Subject Patrick S.'s Records to Expert Review

In his Report and Recommendation, the Magistrate Judge found the ALJ erred by failing to obtain expert medical opinions regarding the majority of Patrick S.'s medical records.  As the Magistrate Judge summarized, Patrick S.'s claim was initially reviewed by state agency consultants in November 2019.  However, the experts noted Patrick S. "refused to cooperate with the request to provide information," so their opinions that Patrick S. was not disabled were based on a single primary care treatment note from September 2019 (Filing No. 7-3 at 5; Filing No. 15 at 5).  Two more state agency consultants reviewed Patrick S.'s claim again in February 2020, but Patrick S.

4

again failed to provide records (Filing No. 7-3 at 17).  The only additional evidence available to the two latter consultants was another primary care treatment note from January 2020.  At Patrick S.'s hearing in December 2020, he admitted Exhibits 1A through 3F, comprised of hundreds of pages of records.  Neither Patrick S. nor the ALJ sought expert review of these additional records, and the ALJ made her RFC determination without the benefit of any such expert review.

The Magistrate Judge concluded that the ALJ's failure to obtain additional medical expert review warrants remand.  The Magistrate Judge relied on Seventh Circuit precedent stating that "ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves."  *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014); *cf., e.g.*, *Govins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014); *Akin v. Berryhill*, 887 F.3d 314, 317–18 (7th Cir. 2018).  The ALJ here found the state agency consultants' opinions to be "unpersuasive" due to the lack of evidence available for their review, leaving the ALJ without any opinions on which to rely in interpreting the significance of Patrick S.'s medical records, "an undertaking which ALJ Tobin was not permitted, let alone qualified, to do."  (Filing No. 15 at 7.)

The Commissioner offers several reasons why the ALJ did not err in failing to subject Patrick S.'s records to expert review.  First, the Commissioner argues that the ALJ was not required to rely exclusively on expert opinions in interpreting Patrick S.'s medical records.  The Commissioner cites the Seventh Circuit's holding in *Schmidt v. Astrue*, 496 F.3d 833 (7th Cir. 2007), that ALJs are "not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians."  *Id.* at 846.  The Commissioner reads *Schmidt* too broadly.  Even though an ALJ need not rely *entirely* on expert opinions in determining an RFC, the ALJ may not simply forgo expert opinions altogether.  As the Seventh Circuit has repeatedly warned, "ALJs must not succumb to the temptation to play doctor and make their own

independent medical findings." *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996); *see Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014) ("This mistaken reading of the evidence illustrates why ALJs are *required* to rely on expert opinions instead of determining the significance of particular medical findings themselves."). The ALJ was neither qualified nor authorized to interpret the significance of the medical records submitted at Patrick S.'s hearing.

Next, the Commissioner argues ALJs are not required to obtain an additional expert opinion every time new evidence comes to light.  (Filing No. 20 at 4–5) (quoting *Keys v. Berryhill*, 679 F. App'x 477, 480–81 (7th Cir. 2017) (quoting *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004))).  However, the issue here is not the newness of Patrick S.'s records, it is their content. The records submitted by Patrick S. constitute nearly the entirety of his medical records.  Although ALJs are not required to seek expert opinions for every new treatment record they receive, they are required to obtain new opinions on records that are so significant that they "reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018) (citing *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016)).  Here, the state agency consultants concluded that Patrick S. was not disabled largely due to the lack of available records. The treatment records submitted at the hearing, therefore, would have "changed the picture so much that the ALJ erred by continuing to rely on an outdated assessment by . . . non-examining physician[s] and by evaluating [herself] the significance" of those records.  *Stage*, 812 F.3d at 1125.

The Commissioner also contends that the ALJ was not required to rely on expert medical opinions here because neither Patrick S. nor the Magistrate Judge identified any "complex medical evidence that the ALJ needed an expert to interpret" (Filing No. 20 at 6).  Patrick S. responds that the Commissioner "cites no support for her conclusion that only 'complex' evidence must be

submitted to expert review," and that the Commissioner, like the ALJ, is not qualified to determine what constitutes a "complex" medical issue.  (Filing No. 21 at 5–6.)  The Court agrees with Patrick S. on both points.  The cases cited by the Commissioner, remanding administrative decisions due to ALJs' errors in interpreting medical records, do not, as the Commissioner contends, show that only "complex" medical issues require expert opinions.  Rather, they illustrate the reason why the Seventh Circuit requires ALJs to "rely on expert opinions instead of determining the significance of particular medical findings themselves."  *Moon*, 763 F.3d 718, 722 (7th Cir. 2004).  ALJs are not medical experts.  Likewise, neither the Commissioner nor the Magistrate Judge is a medical expert and therefore not qualified to decide which medical issues are "complex" and which are not.

The Commissioner also asserts that requiring ALJs to obtain additional expert opinions would relieve claimants of their burden of proving their limitations.  The Commissioner conflates the claimant's duty and the ALJ's duty.  As the Magistrate Judge notes, "a claimant's burden 'is to produce evidence, not opinions'" (Filing No. 15 at 7 (quoting *Kemplen v. Saul*, 844 F. App'x 883, 887 (7th Cir. 2021)).  The ALJ's duty is to "develop a 'full and fair record.'"  *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014) (citing *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000)).  Social Security proceedings are, after all, "inquisitorial rather than adversarial."  *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000).  And as the United States Supreme Court recently stated, "[t]he critical feature that distinguishes adversarial proceedings from inquisitorial ones is whether claimants bear the responsibility to develop issues for adjudicators' consideration."  *Carr v. Saul*, 141 S. Ct. 1352, 1258 (2021).  "It is the *ALJ's duty* to investigate the facts and develop the arguments *both for and against* granting benefits."  *Sims*, 530 U.S. at 110–11 (emphasis added).  The Commissioner cites several cases in which the Seventh Circuit faulted claimants for failing to submit evidence or expert

opinions.  But in each of those cases, the ALJ had properly obtained and considered at least some

expert opinion.  *See Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 679 (7th Cir. 2010) (noting

that ALJ relied on opinions from two state agency consultants); *Gedatus v. Saul*, 994 F.3d 893,

899 (7th Cir. 2021) ("The ALJ also reviewed the opinions of the State agency physicians."); *Karr*

*v. Saul*, 989 F.3d 508 (7th Cir. 2021), ([Filing No. 20 at 9](#)) ("In connection with her application an

agency consultant examined Karr . . . .  Two agency doctors also reviewed Karr's file."); *Olsen v.*

*Colvin*, 551 F. App'x 868, 871–72 (7th Cir. 20140 ("A few days later, a state-agency physician …

reviewed Olsen's medical records . . . .  Later in February 2008, another state agency-physician …

reviewed Olsen's file . . . .").  Here, the ALJ obtained no expert opinion regarding nearly all of

Patrick S.'s records.  Regardless of the fact that Patrick S. failed to request an additional expert

opinion, the ALJ was "under an obligation to develop a 'full and fair record.'"  *See Akin*, 887 F.3d

at 317–18 ("The MRI results may corroborate Akin's complaints, or they may lend support to the

ALJ's original interpretation, but either way the ALJ was not qualified to make his own

determination without the benefit of an expert opinion.").  And regardless of the fact that Patrick

S. failed to submit evidence prior to the State-agency consultants' reviews,[2] the ALJ was not

authorized to make an uninformed decision about Patrick S.'s disability status.

Contrary to the Commissioner's arguments, the Report and Recommendation did not

"attempt to essentially reward Plaintiff for not cooperating with the agency," nor did it hold that

an ALJ must obtain a new expert opinion every time new evidence is submitted ([Filing No. 20 at](#)

[10](#)).  The Report and Recommendation merely held that in this case, where nearly all of the

claimant's records (all but two primary care treatment notes) were submitted after the initial State-

---

[2] The Commissioner does not argue that Patrick S.'s evidence was not submitted timely under 20 C.F.R. § 404.935(b)
or 416.1435(b).

agency consultants' review, the ALJ was not permitted to interpret those records herself and was required to obtain an additional expert opinion regarding that bulk of evidence before issuing her determination. The Court agrees with that holding.

Last, the Commissioner offers a practical arguments against requiring the ALJ to obtain an additional expert opinion. The Commissioner contends that requiring the ALJ to obtain additional expert opinions will "seriously undermine the agency's administrative process and operational capacity," and impose "incalculable administrative costs" (Filing No. 20 at 10). However, as the Court has explained, the Report and Recommendation's holding is not as broad as the Commissioner reads it to be. An ALJ is not required to hire additional experts to review each new piece of evidence, nor is an ALJ required to hire another expert every time a claimant requests one. An ALJ is, however, required to base his or her interpretation of medical records on some expert opinion, and in this particular case, the ALJ plainly did not satisfy that requirement. Her failure to subject Patrick S.'s treatment records to expert review was error and warrants remand.

**B.**     **Whether the ALJ Erred in Assessing Patrick S.'s Subjective Symptom Allegations**

"In evaluating a claimant's credibility, the ALJ must comply with Social Security Rule 16-3p and articulate the reasons for the credibility determination." *Karen A.R. v. Saul*, No. 1:18-cv-2024-DLP-SEB, 2019 WL 3369283, at *5 (S.D. Ind. July 26, 2019). Under SSR 16-3p, the ALJ must first determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). Then, the ALJ must evaluate the intensity and persistence of a claimant's symptoms and determine the extent to which they limit his ability to perform work-related activities. *Id.* at *3-4.

An ALJ's credibility finding is generally given considerable deference and only overturn if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006). "A credibility

assessment is afforded special deference because the ALJ is in the best position to see and hear the witness and determine credibility." *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000) (citation omitted). An ALJ's evaluation is "patently wrong" and subject to remand when the ALJ's finding lacks any explanation or support. *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014). Ultimately, the ALJ must explain her subjective symptom evaluation in such a way that allows the Court to determine whether she reached her decision in a rational manner, logically based on her specific findings and the evidence in the record. *Murphy*, 759 F.3d at 816. Thus, "[a]s long as the ALJ's decision is supported by substantial and convincing evidence, it deserves this court's deference." *Arnold v. Barnhart*, 473 F.3d 816, 823 (7th Cir. 2007). Here, the ALJ's decision was not supported by substantial or convincing evidence, so it is not entitled to the Court's deference.

The Magistrate Judge concluded that the ALJ failed to properly assess Patrick S.'s subjective symptoms allegations in two ways. First, the ALJ did not adequately support her finding with inconsistencies between Patrick S.'s testimony and the record evidence. Second, the ALJ improperly drew a negative inference from Patrick S.'s failure to seek or continue certain treatment without considering the reasons for that failure.

As to the Magistrate Judge's first conclusion, the Commissioner responds that the ALJ's decision was supported by three reasons:[3] Patrick S.'s complaints of frequent urination were not reflected in his medical records; he was observed to be in no distress during examinations; and he exhibited a normal gait during examinations. As the Magistrate Judge explains, each of these reasons is flawed. As to the complaints of frequent urination, the ALJ stated that Patrick S. "never

---

[3] The Commissioner does not object to the Magistrate Judge's conclusion that the ALJ's perception of Patrick S.'s "demeanor" during the telephonic hearing and Patrick S.'s "giggle" prior to answering a question about his level of pain were not appropriate bases for determining that Patrick S.'s symptoms were not as severe as he alleged (Filing No. 15 at 14–15).

reported this frequency of elimination on examination," but omitted any reference to such complaints made on June 5, 2019 and July 22, 2020 (Filing No. 15 at 13). The Commissioner argues that "this Court can reasonably discern that the ALJ contrasted Plaintiff's testimony of a need to use the restroom up to 15 times a day with the lack of specific, regular complaints to treatment providers of a need to use the restroom with extreme frequency" (Filing No. 20 at 13). The ALJ did not note a lack of "specific, regular complaints" about frequent urination. Instead, she incorrectly stated Patrick S. "never" made those complaints.[4]

The Commissioner next asserts that the ALJ accurately noted that Patrick S.'s records repeatedly showed that he was in "no distress" or "no apparent distress". (Filing No. 20 at 14.) In concluding that Patrick S. was "reportedly in no distress on multiple occasions," the ALJ cited some examinations in which Patrick S. was reportedly in "no distress," and some in which he was reportedly in no "acute distress". (Filing No. 7-2 at 24.) The Commissioner sees no relevance in the term "acute," but the Magistrate Judge and this Court do. No "acute" distress does not mean "no distress". The Magistrate Judge identified several medical sources, which this Court finds persuasive, explaining that "no acute distress" merely indicates the absence of severe, urgent distress. (Filing No. 15 at 14–15.) It was therefore improper for the ALJ to use evidence of "no acute distress" in concluding that Patrick S. frequently exhibited "no distress" in evaluating the intensity of his symptoms. The Commissioner offers additional evidence not cited by the ALJ that Patrick S. presented for examination in "no distress," but the Court again declines to infer that the

---

[4] The Commissioner also argues that the Magistrate Judge did not explain "why the ALJ needed a medical expert to identify an inconsistency between Plaintiff's testimony regarding the intensity of his symptoms and the lack of intensity in his reports to treatment providers" (Filing No. 20 at 13). The Magistrate Judge did offer that explanation. The ALJ failed to identify two visits in which Patrick S. complained of polydipsia (excessive thirst) and polyuria (excessive urination) and, as a result, incorrectly concluded that Patrick S. never made any such complaints. The ALJ therefore needed an expert either to ensure a complete and accurate review of Patrick S.'s records, not to identify inconsistencies between testimony and the records, following expert review.

ALJ considered that evidence, where the ALJ's opinion does not show that she considered it. (Filing No. 20 at 14.)  The Court also agrees with the Magistrate Judge that the ALJ's conclusion that Patrick S. was in "no distress" during multiple examinations, "except when he had pneumonia," was inaccurate and erroneous because it failed to mention Patrick S.'s other symptoms and diagnoses contained in the same examination records.  The Commissioner believes that "[t]he ALJ reasonably determined that these mere diagnoses did not substantiate Plaintiff's complaints of extreme pain and walking dysfunction in part because treatment providers consistently observed him in no distress." (Filing No. 20 at 15.)  The Commissioner therefore claims the Report and Recommendation was attempting to reweigh evidence.  However, once again, the Court does not find the Commissioner's proffered line of reasoning anywhere in the ALJ's opinion.  Thus, the Report and Recommendation did not reweigh evidence; it merely pointed to evidence that the ALJ failed to consider in the first instance.  The Court agrees with the Magistrate Judge that such a failure constitutes error warranting remand.

The Commissioner identifies a third reason supporting the ALJ's conclusion: reports that "Plaintiff walked normally on physical exams in February 2019, December 2019, and November 2020." (Filing No. 20 at 16.)  The Court does not see those conclusions in the ALJ's subjective symptom evaluation.  (Filing No. 7-2 at 24.)  The Court sees only a note that Patrick S. used a cane, which was not prescribed to him.  (Filing No. 7-2 at 24.)  The Magistrate Judge correctly noted that the ALJ may not reject statements about the intensity, persistence, and limiting effects of a claimant's pain (here, Patrick S.'s claim that he cannot walk normally) solely because there is no objective evidence corroborating the claimant's statements (*i.e.*, a prescription for an ambulatory aid).  For that reason, the ALJ failed to provide a sufficient reason for disregarding Patrick S.'s complaints about his inability to walk normally.

The Court concludes that the three reasons identified by the Commissioner as supporting the ALJ's conclusion do not draw an "accurate and logical bridge" between the record evidence and the ALJ's conclusion.  Each identified reason is based on an incomplete or inaccurate reading of Patrick S.'s evidence and gives inappropriate weight to the absence of objective evidence corroborating Plaintiff's complaints.  On remand, the ALJ should consider evidence in the record both in favor of and against a finding of disability, identify the evidence the ALJ does not find persuasive and the reason she finds it unpersuasive, and explain what evidence she believes supports her conclusion.

As to the Magistrate Judge's second conclusion—that the ALJ erred in drawing a negative inference from Patrick S.'s failure to seek certain treatments without considering the reasons behind that failure—the Commissioner argues the ALJ was not required to identify the "more aggressive treatment the ALJ might have expected" or "include an extended discussion of hypothetical reasons" for Patrick S.'s failure to seek or continue certain treatments.  (Filing No. 20 at 17.)  The Court again disagrees with the Commissioner for the same reasons identified by the Magistrate Judge.  The ALJ stated that the "conservative" nature of Patrick S.'s treatment and his failure to seek further treatment showed that Patrick S.'s statements about the severity of his symptoms were inconsistent with record evidence, but the Magistrate Judge observed that the ALJ failed to "articulate what she considers to be 'conservative' treatment".  (Filing No. 15 at 16.)  The Court agrees that her failure to describe what treatments she considers to be "conservative" leaves the Court unable to follow her reasoning.

However, even if the ALJ appropriately determined that Patrick S.'s treatment was "conservative," she erred in finding that Patrick S.'s conservative treatment, failure to seek more specialized care, non-compliance with diabetic treatment, and lack of improvement with treatment

all indicated that Patrick S.'s symptoms were not as severe as alleged, without considering the reasons for Patrick S.'s treatment-related failures. (Filing No. 15 at 16.) "[A]n ALJ may not draw negative inferences from a claimant's failure to seek treatment without first considering the individual's explanation." *McHenry v. Berryhill*, 911 F.3d 866, 873 (7th Cir. 2018) (citation omitted). The Magistrate Judge identified record evidence showing that Patrick S. could have had any number of reasons for failing to seek additional treatment or failing to comply with his diabetes treatment plan, making the ALJ's failure to inquire about Patrick S.'s reasons all the more notable. (Filing No. 15 at 17.) Contrary to the Commissioner's belief, neither the Magistrate Judge nor this Court purport to ask the ALJ to give an "extended discussion of hypothetical reasons for Plaintiff's lack of treatment or failure to follow a treatment plan." (Filing No. 20 at 19.) The Court simply asks that the ALJ comply with her obligation to inquire about the existence of any reasons and consider any such reasons in making her subjective symptom assessment. *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012); SSR 16-3p, 2017 WL 5180304, at *9–10 (Oct. 25, 2017).

**C.      Whether Patrick S. Failed to Prove More Limitations Than the ALJ Found**

The Commissioner lastly contends the ALJ was not required to "engage in a function-by-function evaluation of the evidence" because Patrick S. failed to submit sufficient evidence to support his disability claim. The Court disagrees. Although the Seventh Circuit has said that an ALJ need not "organize his discussion to include a section addressing each of the seven strength functions, one by one," the ALJ must still "appl[y] the right standard and produc[e] a decision supported by substantial evidence," and do so with sufficient clarity to enable the Court to determine whether the ALJ considered each of the seven strength demands. The pertinent issue is therefore not whether the evidence weighs in favor of or against Patrick S.'s claim. It is whether the ALJ's decision shows she applied the correct standards and supported her decision with substantial evidence. The Court agrees with the Magistrate Judge that "the ALJ provides no

analysis whatsoever regarding how she reached the specific limitations assessed in the RFC determination." (Filing No. 15 at 8.)  The partial summary of Patrick S.'s records does not allow the Court to meaningfully determine whether the ALJ considered each of the seven strength functions in reaching her conclusion.  If, as the Commissioner contends, there was sufficient evidence to support the ALJ's RFC determination, she should have explained what that evidence was.

## IV.   <u>CONCLUSION</u>

The Court finds no error of law or fact in the Report and Recommendation and therefore **OVERRULES** the Commissioner's Objection (Filing No. 20).  For the reasons set forth above, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 15). The final decision of the Commissioner is **REMANDED** for further proceedings as authorized by Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED**.

Date:    9/30/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com

Eric Harris Schepard
Office of the Regional Chief Counsel Region V
eric.schepard@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov